UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE, SR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEVADA, et al., <br><br> Defendants. | Case No. 2:18-cv-02152-JAD-PAL <br><br> **REPORT OF FINDINGS AND RECOMMENDATION** <br><br> (IFP App. – ECF No. 1) |

This matter is before the court on Plaintiff Victor Tagle, Sr.'s Application to Proceed *In Forma Pauperis* (ECF No. 1). This application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Tagle is a prisoner in the custody of the Nevada Department of Corrections at the Saguaro Correctional Center. He is proceeding in this action *pro se*, meaning without an attorney. Tagle has submitted a civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and requested permission to proceed *in forma pauperis* ("IFP"), which means without prepaying the filing fees. However, on at least three occasions, the court has dismissed civil actions that Tagle commenced while incarcerated as frivolous or for failure to state a claim upon which any relief may be granted. *See Tagle v. State of Nevada, et al.*, 2:15-cv-02083-RCJ-GWF (D. Nev. Apr. 21, 2016) (dismissed for failure to state a claim); *Tagle v. State of Nevada, et al.*, 2:15-cv-02358-MMD-PAL (D. Nev. May 20, 2016) (dismissed for maliciousness and failure to state a claim); *Tagle v. State of Nevada et al.*, 2:16-cv-00852-JAD-VCF (D. Nev. Nov. 16, 2016) (dismissed for maliciousness and failure to state a claim); *Tagle v. Corrections Corp. of America, et al.*, 2:18-cv-00872-JAD-PAL (D. Nev. July 9, 2018) (noting that Tagle is ineligible to proceed IFP with an extensive history of filing malicious or insufficiently pled civil actions in this court, and dismissing for failure to pay full filing fee), *aff'd*, No. 18-16373 (9th Cir. Dec. 18, 2018) (unpublished). The

court takes judicial notice of its prior records in the above matters.

Federal law provides that a prisoner may not proceed IFP if he has, on three (3) or more prior occasions, filed a federal action or appeal while incarcerated that was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Instead, the prisoner must pay the full $400 filing fee in advance unless he is "under imminent danger of serious physical injury." *Id.*

His initiating document (ECF No. 1-1) is called a motion and contains what he calls a memorandum of points and authorities. It relates to proceeding in Nevada family court beginning in 2010 in which the mother of his three children accused him of molesting his oldest child. His request for relief asks for immediate contact with his children, immediate disclosure of the welfare and whereabouts of his children, monetary compensation for his children of $10,000 per day, incarceration and punishment of the defendants, which include court personnel, state and federal judges involved in state and federal cases he has filed or been involved in, social workers and the Clark County District Attorney.

Although his initiating document is called a motion, Mr. Tagle states he is trying to file a "Tort Bivens Action" against the State of Nevada "CPS/DFS" and court personnel. He alleges that personnel from the department of family services/child protective services abducted, abused, endangered, forcibly medicated, and experimented on his children without legal authorization. The court finds that these allegations fail to plausibly allege that Tagle is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, he must pre-pay the $400.00 filing fee in full.

In addition, the court finds that Mr. Tagle has filed several previous complaints making similar allegations regarding the mistreatment of his children by personnel from the department of family services/child protective services.[1] His prior cases were dismissed as duplicative, lacking

---

[1] *Tagle v. Dept. of Family Servs. et al*, 2:15-cv-00208-JAD-GWF, Sept. 25, 2015 Order (ECF No. 3) (dismissed as duplicative of nearly identical complaint filed in another case regarding the treatment and alleged abuse of Tagle's children); *Tagle v. State of Nevada et al*, 2:15-cv-00881-JCM-PAL, Mar. 17, 2016

standing and subject matter jurisdiction, and failing to state an actionable claim. A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Here, Tagle's proposed complaint is frivolous as it largely repeats allegations courts in this district have previously dismissed. Because the complaint fails to state a proper jurisdictional basis and alleging additional facts would not cure the deficiencies, the court finds that amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). The court therefore recommends that the complaint be dismissed without prejudice.

For these reasons,

**IT IS RECOMMENDED** that:

1. Plaintiff Victor Tagle, Sr.'s Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.
2. The proposed Complaint (ECF No. 1-1) be **DISMISSED**.
3. The Clerk of Court be instructed to enter judgment accordingly.

Dated this 21st day of December, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and

---

Order (ECF No. 72) (dismissed for lack of standing to bring claims on behalf of children without an attorney), *aff'd*, No. 16-15556 (9th Cir. Feb. 27, 2017); *Tagle v. Nouheim et al*, 2:16-cv-00709-GMN-NJK, Sept. 4, 2018 Order (ECF No. 46) (dismissed for lack of subject matter jurisdiction and noting similarities to previously-filed cases); *Tagle v. Clark County et al*, 3:17-cv-00676-MMD-VPC, Aug. 2018 Order (ECF No. 74) (dismissed for failure to state a plausible claim under 42 U.S.C. § 1985(3) and lack of subject matter jurisdiction over a domestic relations dispute).

recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.